# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROMERITO LALUCIS**                                                                                **PLAINTIFF**

**V.**                             **NO. 4:15-CV-00064-DMB-JMV**

**LIEUTENANT THOMAS, ET AL.**                                **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on the *pro se* prisoner complaint of Romerito Lalucis, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For purposes of the Prison Litigation Reform Act, the Court notes that Lalucis was incarcerated when he filed this suit. Lalucis alleges that Defendants permitted conditions in the prison kitchen that caused him to slip, fall, and injure himself. In addition, Lalucis alleges that Defendants did not provide him with adequate medical treatment for the injuries he suffered from the slip and fall. For the reasons below, Lalucis' claims will be dismissed as untimely filed and for failure to state a claim upon which relief could be granted.

**I**

In January of 2011, Lalucis, who was incarcerated in the Tallahatchie County Correctional Facility, slipped and fell as he was working in the prison kitchen, injuring his neck and lower back. He alleges that the kitchen floor was extremely slippery, and that Defendants neglected to provide non-slip floor guard rubber mats or issue the prison kitchen staff boots with sufficient traction. Nurse Davis examined Lalucis and determined that he did not need to be scheduled for a doctor's visit at that time. Lalucis later developed pain and tingling in his right leg, as well as chronic neck and back pain, which doctors ultimately diagnosed as an injured disk. Lalucis underwent surgery to remove the damaged disk. After the surgery, Lalucis still experienced pain in his neck and pain and tingling in his leg and lower back. Although medical personnel treated Lalucis with medication to relieve pain and

inflammation, the medications did not fully relieve his symptoms. Lalucis also received a cervical pillow to alleviate his neck pain.

Lalucis has requested a second operation to relieve his symptoms but his neurosurgeon has refused to perform a second procedure. Lalucis has also repeatedly requested physical therapy and acupuncture to treat his conditions but the medical personnel reviewing such requests have denied them, stating that Lalucis' treating doctors have not found such treatment to be warranted under the circumstances. Lalucis has further requested magnetic resonance imaging to further diagnose his condition but, after examination, medical staff denied that request as well. Lalucis is currently being treated with a neck pillow, Neurontin for pain, and a cane to assist with walking.

## II

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989). In Mississippi, the limitations period applicable here is found in MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and begins to run "the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen*, 968 F.2d 489, 493 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). Though an affirmative defense such as the statute of limitations must normally be pled by a defendant, the court may dismiss a *pro se* prisoner claim if the defense is apparent on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

When he fell in January of 2011, Lalucis was certainly aware of the slippery conditions and the fall he suffered as a result; thus, the three-year statute of limitations regarding that claim began running at that time – and expired in January of 2014. He filed the instant case in the United States

District Court for the Southern District of California[1] on March 3, 2015, over a year after the expiration of the limitations period. As such, Lalucis' claims regarding his slip and fall must be dismissed as barred by the statute of limitations.

In addition, the slip and fall claim sounds wholly in negligence, which is not a valid claim under 42 U.S.C. § 1983. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *See, e.g., Daniels v. Williams*, 474 U.S. 327 (1986), *Davidson v. Cannon*, 474 U.S. 344 (1986). Therefore, the slip and fall claim must be dismissed for this reason as well.

### III

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care …." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels*, 474 U.S. at 328. A prisoner's mere disagreement with medical treatment provided

---

[1] Lalucis is a California inmate who was transferred to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, a prison facility operated by a private company. He had been transferred back to California at the time he filed the instant suit, and filed suit in the federal judicial district where he was housed.

by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001) (citing *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)).

In this case, Lalucis has been examined and treated many times for his neck and back problems – up to and including the removal of the problematic disk by a neurosurgeon. When neurosurgery did not completely alleviate his symptoms, prison medical staff repeatedly examined and treated Lalucis with various painkillers, anti-inflammatory drugs, a cervical neck pillow, a cane, and other things. Though Lalucis finds this course of treatment ineffective and believes that ongoing physical therapy and acupuncture would provide more relief, his mere disagreement with his prescribed course of care does not rise to the level of a constitutional claim. Lalucis suffered injuries, and he has received treatment (including neurosurgery) for those injuries over the course of four years. These facts do not meet the standard of deliberate indifference. For these reasons, Lalucis' claims regarding denial of medical care must be dismissed for failure to state a claim upon which relief could be granted.

## IV

For the reasons above, Lalucis' claims in this case will be dismissed as barred by the statute of limitations and for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this 23rd day of September, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**